# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

RECEIVED

2022 FEB -4 P 12: 17

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| SYMIDRA NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: |
| | ) | 1:22-cv-66 |
| ADMT IMPORTS, INC. d/b/a | ) | |
| Enterprise Kia, an Alabama corporation; | ) | **JURY TRIAL DEMANDED** |
| ATLANTIC GLOBAL FINANCING | ) | |
| INC. a Florida corporation; | ) | |
| JOHN MATTHEW GOTTUSO, an | ) | |
| Individual; | ) | |
| AMERICREDIT FINANCIAL | ) | |
| SERVICES, INC. a Texas corporation | ) | |
| Defendants. | ) | |

## COMPLAINT

## I.  INTRODUCTION

This action arises out of the pattern and practice by the Defendants to engage in the illegal and deceptive business practice of odometer fraud by knowingly and intentionally advertising and selling automobiles with rolled-back odometers and false and improper mileage disclosures.

Through this conduct, the Defendants are able to maximize profits by selling high mileage, low value automobiles as low mileage, high value vehicles, and

defraud future owners of the vehicle. Furthermore, in carrying out this deceptive practice, the Defendant dealerships and finance companies, as a pattern and practice, use their position of superior knowledge and authority to circumvent federal and state vehicle title laws which regulate title documents and mileage disclosures. Defendants have preyed on innocent, unwary, purchasers to carry out this scheme and make huge profits from these illegal practices. Plaintiff requests this court put an end to this deceptive and illegal conduct, award Plaintiff damages as set forth herein, and enjoin the Defendants from such conduct in the future.

## II. JURISDICTION

1. This is not a diversity action. Jurisdiction is proper under 28 U.S.C.A. §1331 and given to district courts for "all civil actions arising under the Constitution, laws, or treaties of the United States." Such federal question jurisdiction may arise from the initial pleading or from subsequent motions, pleadings or other papers where the federal question is first able to be ascertained.  42 U.S.C.A. 1446(b).

2. Federal question jurisdiction arises from the initial pleading and Plaintiff's assertions for violations of the Federal Odometer Act, 49 U.S.C. §32701 et seq.

3. This Court has supplemental jurisdiction over related Alabama State law claims asserted in this action pursuant to 28 U.S.C. §1367.

## III. VENUE

4. Venue in this District is proper pursuant to 28 U.S.C. §1391 (b) and (c) because ADMT Imports conducts business and/or maintains its principal place of business in the Middle District of Alabama, and the wrongful conduct out of which Plaintiff's claims arise occurred within the Middle District of Alabama.

5. Plaintiff was damaged in the Middle of District of Alabama and one or more Defendants are found and transact business within this District.

## IV.   PARTIES

6. Plaintiff, **Symidra Nelson**, is an individual, over the age of 19, and a resident of the state of Alabama.

7. Defendant **ADMT Imports, Inc. d/b/a Enterprise Kia**, is an Alabama corporation which does business under the name "Enterprise Kia" (hereinafter referred to as "Defendant" or "Enterprise Kia"). Enterprise Kia is in the business of selling new and used cars, and owns and operates its dealership located in Enterprise, Alabama, in the Southern Division of the Middle District of Alabama.

8. Defendant **ATLANTIC GLOBAL FINANCING, INC.** (hereinafter "AGFI")
   is a Florida corporation engaged in the sale of automobiles.  AGFI provided a
   false odometer disclosure with the intent to defraud and placed said disclosure
   on an official Florida Certificate of Title and into the stream of commerce.

9. Defendant, **AMERICREDIT FINANCIAL SERVICES, INC.** (hereinafter
   "AmeriCredit") is a Texas corporation which does business in the Middle
   District of Alabama.  AmeriCredit is the "holder" of the consumer credit
   contract made the basis of this suit and, pursuant to the terms of the credit
   contract and 16 C.F.R. §433, is subject to all claims that the Plaintiff can assert
   against the "Holder" of the consumer credit contract.

10. Defendant, **JOHN GOTTUSO**, is an individual and through information is a
    resident of Hillsborough County, Florida.  Mr. Gottuso made a false odometer
    disclosure with the intent to defraud which resulted in the Plaintiff being
    damaged.

11. In committing the acts and omissions alleged in this Complaint, the Defendants
    conspired with and among other individuals and entities, whose names are
    currently unknown, to engage in the conduct made the subject of this
    Complaint, and acted as agents of one another, pursuant to a common goal or
    scheme, to carry out the wrongful conduct and to conceal that conduct.

12. As the principal of its employees and agents, the Defendants are liable to the Plaintiff for any and all damages suffered by the Plaintiff as a result of the unlawful acts of the Defendants' employees.   Furthermore, after receiving notice of the matter alleged herein, Defendants had a duty under the Code of Alabama, 1975 32-8-1, et seq. and the Motor Vehicle Information Costs Savings Act 49 U.S.C. § 32701 et seq, to correct and remedy the alleged conduct in order to prevent further damage to the public.

## V. FACTUAL ALLEGATIONS

*How Plaintiff acquired the 2014 Toyota Tacoma*

13. On or about, October 26, 2021, the Plaintiff visited the Enterprise Kia dealership located at 1509E Park Avenue, Enterprise, AL  36330.  On the lot, Plaintiff viewed a 2014 Toyota Tacoma Pickup truck VIN: 5TFJU4GN3EX054487.  Enterprise Kia advertised, represented and certified the vehicle as having 66,125 actual miles on the odometer and that the mileage listed on the odometer was accurate.

14. In reliance upon said disclosures, Plaintiff agreed to purchase the 2014 Toyota Tacoma Pickup Truck for $34,655.41 and finance the purchase over 66 months

at 29% interest with the Defendant, AmeriCredit.  The total time price of the automobile came to $71,517.70.

15. Plaintiff executed all of the sales documents presented in order to purchase and finance the vehicle.  Plaintiff was not shown a copy of the previous Florida title to the automobile prior to purchase. At each point in the transaction, the Plaintiff was led to believe that the mileage listed on the vehicle's odometer was accurate and correct.

16. Plaintiff was not informed of, or provided information regarding, the previous title to the automobile. Plaintiff was not notified or informed of a potential odometer discrepancy.  At all times Plaintiff was a bona fide purchaser in the ordinary course of business with no knowledge of the odometer discrepancy.

*How Plaintiff learned about the odometer rollback and the false mileage disclosures*

17. A few months after the purchase, due to the expense of the purchase, Plaintiff sought to sell the vehicle.  At that time, Plaintiff visited another car dealership which informed him of the odometer discrepancy, and, for that reason, were unable to offer the fair market value of the vehicle as a trade in.  At this time, Plaintiff was also informed that the vehicle had been previously driven over

109,000 miles prior to being sold to him in Alabama. Plaintiff investigated further and discovered that the Defendants had altered the odometer and/or made false odometer disclosures.

18. Through information and belief, Defendants had actual knowledge of the mileage discrepancy, yet intended to defraud future purchasers of the vehicle, thus increasing their profit by replacing, repairing or rolling back the odometer on the vehicle. Even if the Defendants did not do the actual odometer rollback, they were aware of the odometer discrepancy and sought to profit from its transfer through making, allowing or ratifying improper mileage disclosures and transfers.

19. Enterprise Kia's title clerk, Kerri Goembel, acting as power of attorney for the Plaintiff, executed the back of the Florida certificate of title, noting that the actual vehicle mileage was 66,125. However, that mileage was never certified on the Certificate of Title. The Alabama title records indicate that Defendants represented that the improper spelling of the name was a clerical error with "No Fraud Intended," but did not correct the odometer mileage discrepancy.

20. Nowhere on the vehicle, the Alabama Department of Revenue title application, or any sales document or paper received or signed by Plaintiff, was there any indication that the odometer was altered, changed or replaced that would have alerted the Plaintiff of the improper mileage.

21. As part of Defendants' routine course of business, it was common practice between dealerships to sell or transfer vehicles without applying for a new official Alabama or Florida Certificate of Title. This practice is accomplished by documenting the transfer as an assignment between dealers on the back of the original certificate of title supplied by the States of Florida and/or Alabama. All aspects of Federal and State law regarding disclosures and mileage recording are still applicable to such transfer.

22. In properly making and disclosing assignments of title, and as part of its duties as a "designated title agent," ENTERPRISE KIA and Kerri Goembel, agreed to act in a fiduciary capacity on behalf of the Alabama Department of Revenue to properly transfer title to automobiles in accordance with the state and federal guidelines. These practices are the same for all new and used car dealerships. Additionally, all car dealerships are required to maintain insurance, and be bonded in order to obtain a dealer license and prevent misfeasance, malfeasance, or non-feasance.

23. Plaintiff was unaware of the more than 40,000 miles odometer discrepancy when he purchased the 2014 Toyota Tacoma automobile at Enterprise Kia. At that time, Defendants Enterprise Kia, AGFI and Gottuso represented and certified that the mileage listed on the vehicle odometer was 66,125 actual miles. No mileage discrepancy was identified on any of the sales documents, or

the Federal Odometer Statement provided to the Plaintiff.  See Exhibit "A",
Enterprise Kia's sales documents.


*The effect of rolled back odometers and false mileage disclosures*

24. Plaintiff relied upon the previous representations of Enterprise Kia, AGFI, and
Gottuso, by viewing the mileage listed on the vehicle's odometer, and by
verifying the odometer mileage on the bill of sale.  Plaintiff relied upon said
representations by purchasing the vehicle.

25. Enterprise Kia intentionally violated its duties as a licensed automobile
dealership and as a designated agent for the State of Alabama Department of
Revenue by failing to represent the true mileage of the vehicle, filing a false
affidavit regarding mileage disclosures, rolling back/replacing the odometer and
misrepresenting the actual mileage on the vehicle.  Enterprise Kia was able to
sell the vehicle at the higher price than its actual value.

26. Had the Defendants noted the actual mileage on the disclosures, and not
replaced or rolled back the odometer, Plaintiff would not have purchased the
vehicle.

27. Following an odometer rollback and false mileage disclosure, such as that set
forth herein, every subsequent purchaser, including Plaintiff herein, becomes a

victim of the Defendants' misrepresentations because they are unaware that the vehicle's mileage, economic life, and value, is substantially less than what is represented.

28. Only after Plaintiff attempted to sell the vehicle as a trade in did Plaintiff become aware of the odometer discrepancy.

29. Plaintiff immediately notified Enterprise Kia regarding the odometer discrepancy and asked for help in getting the matter resolved. Enterprise Kia took no action to correct the record with the State of Alabama, withdraw the previously fraudulently filed affidavit, or offer any acceptable solution.

## VI. CAUSES OF ACTION

30. As contemplated under Federal Rule of Civil Procedure 8(d)(2), Plaintiff alleges that the occurrences made the subject of this complaint require that Plaintiff plead one or more of the following counts, or, in some cases, one or more of the individual claims thereof, in the alternative, where inconsistency may arise in their application.

## **COUNT ONE:**

## **VIOLATIONS OF THE FEDERAL ODOMETER ACT, 49 U.S.C. 32701**

- All Defendants -

31. Plaintiff hereby incorporates and adopts each of the above and foregoing factual allegations as set forth in § V, "FACTUAL ALLEGATIONS," ¶¶ 13-29.

32. As mandated by federal and state law, including the Federal Odometer Act codified at 49 U.S.C. 32701 *et seq*, automobile dealerships such as the Defendants AGFI and ADMT Imports, Inc. d/b/a Enterprise Kia, and their employees, agents and assigns, including, but not limited to, Kerri Goembel and Pedro Marrero, must provide purchasers of the automobiles with an "Odometer Disclosure Statement" certifying the accuracy of the odometer as well as the mileage on the vehicle at the time of transfer.

33. The transfer and odometer certifications are also recorded on the sales documents, and specifically on the official state documents, including the Alabama and Florida Certificates of Title. The transfer of ownership date listed on the Odometer Disclosure Statement and Alabama and Florida Certificates of Title is certified and dated the same date that the original Motor Vehicle Sales Contract is signed.

34. As part of its determination to finance the purchase of the vehicle to Plaintiff, though information and belief, Defendant AmeriCredit obtained vehicle history report on the vehicle and had actual knowledge of the mileage discrepancy. Even if AmeriCredit did not have actual knowledge prior to taking assignment of the Retail Installment Sales Contract, after becoming aware of the mileage discrepancy, Defendant AmeriCredit ratified the fraud and has attempted to profit from the false disclosure and odometer roll back.

35. According to Florida Department of Motor Vehicle "Certificate of Title" number 114089745, Defendant John Gottuso certified, by his signature, and under penalty of perjury, that on July 6, 2021, the vehicle had been driven 16,386 miles.

36. According to Florida Department of Motor Vehicle "Certificate of Title" number 114089745, Defendant AGFI certified, by its agent's signature, and under penalty of perjury, that on September 30, 2021, the vehicle had been driven 66,125 miles, and that the odometer "REFLECTS ACTUAL MILEAGE."

37. According to Florida Department of Motor Vehicle "Certificate of Title" number 114089745, Defendant Enterprise Kia, by its agent's signature, and under penalty of perjury, that on October 26, 2021, the date of transfer to

Plaintiff, that the vehicle had been driven 66,125 miles, and that the odometer "REFLECTS ACTUAL MILEAGE."

38. Plaintiff Nelson was not permitted to see or sign the Florida "Certificate of Title" number 114089745. Instead, Enterprises Kia's agent, Kerri Goembel, signed for Plaintiff on the reverse side of the title as Plaintiff's "Power of Attorney."

39. Enterprise Kia, acting in its capacity as a "designated agent" for the State of Alabama Department of Revenue, filed an Alabama Department of Revenue "Application for Certificate of Title" attesting, under penalty of perjury, that the vehicle had only been driven 66,125 "Actual" miles.

40. Through information and belief, the actual mileage on the vehicle at the time of sale to Plaintiff was unknown, and at least 109,607 miles. By their conduct, as set forth herein, Defendants falsely certified mileage on the vehicle and introduced it in to the stream of commerce with knowledge of the false certification. The false certification was known by the Defendants to be inaccurate and/or false, and was intended to induce Plaintiff to purchase the automobile for a higher price than it was really worth.

41. Defendants violated both state and federal laws that require the Defendants to create an accurate and permanent public record on secure documents that accurately disclose the odometer reading at the time of each sale.

42. By its conduct, Defendants, acting in concert and/or individually, willfully, and with the intent to defraud, violated the Federal Odometer Act in one or more of the following respects:

   a) Defendants altered, or caused to be altered, the odometer of the automobile with the intent to change the number of miles indicated;

   b) Defendants, in making odometer disclosures, gave false statements to a transferee in violation of 49 U.S.C. §32705(a) and 49 C.F.R. §580.4;

   c) Pursuant to 49 U.S.C. §32075, a true and correct odometer disclosure should have been created on the official title document for the sale of the automobile to the Plaintiff;

   d) Defendants have otherwise violated the Federal Odometer Act, a regulation prescribed pursuant to the Act, or order issued under the Act.

43. As a result of the above violations of the Federal Odometer Act, Defendants are liable to the Plaintiff for the greater of three-times actual damages or $10,000.00, attorney's fees and costs.

44. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award statutory damages as outlined above as well as compensatory damages in an amount a jury deems appropriate to compensate the Plaintiff for his loss of monies, incidental and consequential damages, attorney's fees and costs of this proceeding as well as punitive damages to deter such conduct in the future.

## COUNT TWO:

## FRAUD/MISREPRESENTATION/FRAUDULENT SUPPRESSION

### -All Defendants-

45. Plaintiff hereby incorporates and adopts each of the above and foregoing factual allegations as set forth in § V, "FACTUAL ALLEGATIONS," ¶¶ 13-29.

46. On July 6, 2021, John Gottuso, represented on Florida Department of Motor Vehicle "Certificate of Title" number 114089745, by his signature, and under penalty of perjury, that on July 6, 2021, the vehicle had been driven 16,386 miles.

47. On July 6, 2021, AGFI, represented on the front side of Florida Department of Motor Vehicle "Certificate of Title" number 114089745, by the signature of its agent Pedro Marrero, under penalty of perjury, that on July 6, 2021, the vehicle had been driven 16,386 miles.

48. On September 30, 2021 Defendant AGFI certified, by its agent's signature, under penalty of perjury, on the reverse side of Florida Department of Motor Vehicle "Certificate of Title" number 114089745, that on September 30, 2021, the vehicle had been driven 66,125 miles, and that the odometer "REFLECTS ACTUAL MILEAGE."

49. On and before October 26, 2021, Defendant Enterprise Kia advertised to the general public and the whole world that the vehicle had been driven only 66,125 miles. Plaintiff was an intended recipient of these advertisements. Defendant Enterprise Kia undertook said advertising so that it would be relied upon and used in making a purchase decision.

50. On October 26, 2021, while at Defendant Enterprise Kia's dealership in Enterprise, Alabama, and during presentation of the vehicle to Plaintiff and sales discussion with Plaintiff, Defendant Enterprise Kia represented to Plaintiff that the vehicle had been driven 66,125 miles, and that the odometer "REFLECTS ACTUAL MILEAGE."

51. On or about October 26, 2021, while at Defendant's dealership, Defendant Enterprise Kia provided Plaintiff with an AutoCheck vehicle history report for the purpose of misrepresenting to Plaintiff that the vehicle had only been driven 66,125 miles and to further conceal the fact that in June of 2021 the vehicle had

been in a collision with another motor vehicle causing extensive disabling damage.

52. According to Florida Department of Motor Vehicle "Certificate of Title" number 114089745, Defendant Enterprise Kia, by its agent's signature, and under penalty of perjury, that on October 26, 2021, the date of transfer to Plaintiff, that the vehicle had been driven 66,125 miles, and that the odometer "REFLECTS ACTUAL MILEAGE."

53. All Defendants knew that future purchasers of the vehicle would rely on the mileage certifications made by the Defendants. All Defendants knew that true and correct mileage certifications were required under state and Federal law. All Defendants knew that a future purchaser of the vehicle would be harmed by making false and inaccurate mileage certifications. Despite such knowledge, all Defendants, separately and severally, intentionally made false and inaccurate mileage certifications, thus hiding and suppressing the fact that the odometer did not reflect the actual mileage.

54. Through these representations, John Gottuso, AGFI, and Enterprise Kia, knowingly and intentionally represented to the public at large, including the Plaintiff and the State of Alabama, that the 2014 Toyota Tacoma made the subject of this action had only been driven 66,125 miles at the time of purchase by Plaintiff.

55. Defendants further misrepresented that the odometer cluster had not been replaced or rolled back, was working properly, the mileage could be certified, and that any mileage disclosure on the Florida title was the correct. Defendants also represented that the vehicle was not a salvaged vehicle and had not been damaged in a wreck.

56. Through this false disclosure of the actual odometer, title, mileage status and condition of the vehicle, all Defendants induced Plaintiff to pay a higher purchase price, suffer other increased costs, and other incidental and consequential expenses, to his detriment. Furthermore, even after said misrepresentations were brought to the attention of Defendants Enterprise Kia and AmeriCredit, rather than correcting the misrepresentation they ratified and endorsed the conduct described herein.

57. Said representations were false.  The Defendants knew they were false at the time they were made and either: a) intentionally and willfully made said representations; b) recklessly or negligently made said representations, thereby causing the Plaintiff to reasonably rely upon them; or c) innocently or mistakenly made said representations in such a way as to cause the Plaintiff to reasonably rely upon them.

58. Furthermore, by its conduct in withholding and continuing to withhold the proper disclosures under Alabama and Federal law, even after being informed

of the discrepancy as outlined above, withholding information concerning the vehicle's prior mileage, and withholding information when it was under a duty to speak truthfully and fully, Defendants willfully, recklessly, misrepresented and/or fraudulently suppressed material information. Had that information been made available to the Plaintiff at the time of sale, Plaintiff would not have purchased the vehicle. Defendants, Enterprise Kia and AmeriCredit have aided and abetted the fraudulent and criminal conduct of the other Defendants.

59. Plaintiff reasonably relied upon said representations by purchasing the vehicle. Plaintiff also reasonably relied upon these representations by incurring expenses and costs consistent with exercising ownership rights in the vehicle.

60. As a proximate result of the conduct of the Defendants, the Plaintiff was caused to suffer loss of monies, incidental and consequential damages, including but not limited to: increased purchase costs, increased taxes, increased finance costs, increased insurance costs, increased repair costs, as well as additional costs, plus attorney's fees.

61. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in an amount a jury deems appropriate to compensate the Plaintiff for his actual damages including loss of monies, incidental and consequential damages, attorney's fees and costs of this proceeding as well as punitive damages to deter such conduct in the future.

## COUNT THREE:  WANTONESS/NEGLIGENCE

- All Defendants -

62. Plaintiff hereby incorporates and adopts each of the above and foregoing factual allegations as set forth in § V, "FACTUAL ALLEGATIONS," ¶¶ 13-29.

63. Defendants owed the Plaintiff, each and every future purchaser of 2014 Toyota Tacoma, the state of Alabama, and the general public at large, a duty not to be wanton/negligent in their conduct both before and after the sale of the vehicle. Defendants owed Plaintiff a duty of care and professionalism in the rendition of services, in training and supervising its employees to perform those services in full compliance with the laws of the State of Alabama and the Federal government, in not engaging in or allowing its agents to engage in the wrongful practices herein alleged, in not misrepresenting, suppressing or concealing such activities, or enabling its agents to do so, and violate state and federal regulations and statutes, including, but not limited to:  a) Uniform Certificate of Title and Anti-Theft Act Code of Alabama 1975 as amended §32-8-1, et seq; b) Motor Vehicle Information Costs Savings Act (Federal Odometer Act) 49 USC § 32701 et seq. Plaintiff is part of the class of persons intended to be the third-party beneficiaries of the representations made by the Defendants on the Certificate of title.

64. As described herein, Defendants, singularly, in concert, and/or by and through its agents, employees, owners, members, managers and/or officers, willfully and wantonly violated the above state and federal statutes and regulations and/or ratified or adopted the conduct after the fact, which includes, but is not limited to the following:

   a) Representing to the public at large, including the Plaintiff, and the State of Alabama, that the 2014 Toyota Tacoma made the subject of this action had been driven only 66,125 miles at the time of purchase by Plaintiff;

   b) Representing that the odometer cluster had not been replaced, was working properly, the mileage could be certified, and that any mileage discrepancy on the title was the result of a clerical error;

   c) Refusing to correct false disclosures previously made under Alabama and Federal law even after being informed of the discrepancy; withholding information concerning the vehicle's prior mileage and withholding information when it was bound by ethical duty to speak truthfully and fully.

65. Such conduct amounts to wanton, reckless and/or "negligent per se" breaches of the duties owed to the Plaintiff.   Breaches arose out of the negligent or

wanton conduct of the Defendants and those who acted in concert or conspiracy with them it or acted as their agents, servants or employees. In the line and scope of its business, contractual and statutory duties, Defendants sought to engage in material misrepresentations to Plaintiff in order to preserve and protect the financial interest of Defendants.

66. Defendants knew, or should have known, of the wrongful or fraudulent practices engaged in by its employees, and knew, or should have known, that its own training, supervision and retention practices were inadequate to fulfill its obligation to protect the public from unscrupulous, dishonest, and deceptive practices by its agents and employees.  Defendants knew, or should have known, that its policies and practices in training, supervising and retaining such employees were inadequate to prevent or detect the misconduct described herein, and such inadequate policies and practices thus were the actual and proximate cause of Plaintiff's injuries.

67. Plaintiff has incurred damages proximately caused by Defendants' negligence in training, supervising and retaining its employees.

68. By its conduct, the Defendants breached said duties to the Plaintiff and were wanton and/or negligent.

69. As a proximate result of the conduct of the Defendants, the Plaintiff was caused to suffer loss of monies, incidental and consequential damages, including but not limited to: increased purchase costs; increased taxes; increased finance costs; increased insurance costs; increased repair costs; as well as additional costs, plus attorney's fees.

70. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in an amount a jury deems appropriate to compensate the Plaintiff for his loss of monies, incidental and consequential damages, attorney's fees and costs of this proceeding as well as punitive damages to deter such conduct in the future.

## COUNT FOUR:  BREACH OF FIDUCIARY DUTY

- AGFI, AmeriCredit, Enterprise Kia-

71. Plaintiff hereby incorporates and adopts each of the above and foregoing factual allegations as set forth in § V, "FACTUAL ALLEGATIONS," ¶¶ 13-29.

72. By its conduct, the Defendants, Enterprise Kia and AmeriCredit, acting as the seller and credit assignee of the vehicle, as well as a designated agents for title transfers in the State of Alabama, and Defendant AGFI as a licensed automobile dealer for the State of Florida, breached their fiduciary duties as title agents for

the State of Alabama and Florida, have acted in a commercially unreasonable manner, and have acted in bad faith in an effort to cover up their own wrongdoing. Plaintiff, as a purchaser of the subject vehicle, is a member of that class to whom Defendants owe a duty, both under the common and statutory law, to a) act in a commercially reasonable manner; b) to act in good faith; c) to not commit perjury in filing false odometer disclosures; and d) not to commit perjury in filing false affidavits as to the subject vehicle's mileage. By its conduct, Defendants breached its duties and Plaintiff was injured as a result of said breach.

73. As a proximate result of the conduct of the Defendants, the Plaintiff was caused to suffer loss of monies, incidental and consequential damages, including but not limited to: increased purchase costs; increased taxes; increased finance costs; increased insurance costs; increased repair costs; additional costs, plus attorney's fees.

74. WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Court award damages in an amount appropriate to compensate his loss of monies, refund of the purchase price of the vehicle, incidental and consequential damages, punitive damages to deter said conduct in the future as well as costs of this proceeding and attorney's fees in an amount a jury may deem

appropriate.   Plaintiff also requests statutory damages as outlined under the above provisions.

## COUNT FIVE:

## NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

### - AGFI, AmeriCredit, Enterprise Kia -

75. Plaintiff hereby incorporates and adopts each of the above and foregoing factual allegations as set forth in § V, "FACTUAL ALLEGATIONS," ¶¶ 13-29.

76. Defendants owed Plaintiff a duty of care and professionalism in the rendition of services, in training and supervising its employees to perform those services in full compliance with the laws of the State of Alabama and the Federal government, in not engaging in or allowing its agents to engage in the wrongful practices herein alleged, in not suppressing or concealing such activities, or enabling its agents to do so, and in terminating or otherwise disciplining those employees known to have violated company policies, state laws or regulations by engaging in the misconduct herein alleged, or employees known to have suppressed material information or to have made material misrepresentations to Plaintiff.

77. Defendants owed duties to Plaintiff in putting forth loyal, honest, and fair dealing employees who act in compliance with Federal and State law, contractual and other obligations that arise from the special or confidential relationship between the parties, Alabama statutes and regulations governing the automotive industry, Defendants' superior knowledge of the automobile industry, and the duties of a designated agent for title transfers and its practices. Enterprise Kia and its employees and agents are among those exclusively licensed by the State to provide title transfer services to vehicle purchasers. Future purchasers of the automobile, including the Plaintiff, must rely on licensed professionals such as the agents of Enterprise Kia because they are licensed to provide such services under Alabama law, and are purportedly acting on behalf of the Alabama Department of Revenue in the proper transfer of titles.

78. Defendants breached their duty by negligently retaining employees known to have violated State and/or Federal laws relating to the mandatory disclosures required at the time of vehicle purchases, the timely transfer of vehicle titles, the use of official power of attorney forms to effectuate the proper and timely transfer of vehicle titles, and the conduct permitted by law in the representation, charge and collection of fees for government officials of said vehicles. These employees are known to have violated Defendants' stated company policies and

procedures regarding the sale of automobiles, proper transfer of titles, mandatory disclosures and rules and regulations regarding the repossession of automobiles within the automotive industry.

79. Defendants' negligent retention of employees known to have engaged in the misconduct described herein acted as ratification of such misconduct.

80. Defendants, through its agents, breached the duties owed to the Plaintiff, and such breaches arose out of the negligent or wanton conduct of the Defendants and those who acted in concert or conspiracy with it or acted as its agents, servants or employees. While acting in the line and scope of its business, contractual and statutory duties, Defendants sought to engage in material misrepresentations to Plaintiff in order to preserve and protect the financial interest of Defendants.

81. Defendants knew, or should have known, of the wrongful or fraudulent practices engaged in by its employees and knew or should have known that its own training, supervision and retention practices were inadequate to fulfill its obligation to protect the public from unscrupulous, dishonest, and deceptive practices by its agents and employees. Defendants knew, or should have known, that its policies and practices in training, supervising and retaining such employees were inadequate to prevent or detect the misconduct described

herein, and such inadequate policies and practices thus were the actual and proximate cause of Plaintiff's injuries.

82. Plaintiff has incurred damages proximately caused by Defendants' negligence, in training, supervising and retaining its employees. As a proximate result of the conduct of the Defendants, the Plaintiff was caused to suffer loss of monies, incidental and consequential damages, including but not limited to: increased purchase costs; increased taxes; increased finance costs; increased insurance costs; increased repair costs; as well as additional costs plus attorney's fees.

83. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in an amount the Court deems appropriate to compensate Plaintiff, for his loss of monies, and incidental and consequential damages, in the amount to be determined by a jury as well as attorney's fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

## COUNT SIX:  BREACH OF EXPRESS WARRANTIES

### - Enterprise Kia -

84. Plaintiff hereby incorporates and adopts each of the above and foregoing factual allegations as set forth in § V, "FACTUAL ALLEGATIONS," ¶¶ 13-29.

85. Prior to the sale, Defendant offered express warranties on the face of the certificate of title and the vehicle including, but not limited to, that the mileage recorded on the Alabama Certificate of Title was the correct mileage, that the vehicle's mileage was substantially lower than it actually was, and that the disclosures contained on the sales documents were true and correct. Defendants also expressly warranted that the vehicle had only been driven 66,125 miles.

86. By its conduct, Defendant breached express warranties to the Plaintiff, including, but not limited to, the representations as to the vehicle's mileage, the representation that the odometer showed "actual" mileage, that the vehicle did not have an odometer discrepancy, or that the vehicle had not been involved in a disabling collision. Defendant breached the express warranties made to Plaintiff, including as set forth in Uniform Commercial Code § 2-312 and § 2-313, and the codification of same under the Code of Alabama § 7-2-312 and § 7-2-313.

87. As a proximate result, the Plaintiff has been caused to suffer loss of monies, incidental and consequential damages, loss of value to the vehicle, costs plus attorney's fees.

88. WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that this Court will award damages in an amount appropriate to compensate him for his loss of

monies, incidental and consequential damages, in an amount to be determined by a struck jury plus attorney's fees and costs of this proceeding.

## COUNT SEVEN:  FRAUDULENT CONCEALMENT

- All Defendants -

89. Plaintiff hereby incorporates and adopts each of the above and foregoing factual allegations as set forth in § V, "FACTUAL ALLEGATIONS," ¶¶ 13-29.

90. When purchasing an automobile, buyers such as Plaintiff trust all persons and entities in the chain of title of the vehicle, including Defendants and their agents, employees, officers, members, owners and/or managers, to provide truthful information on the title disclosures, during the title disclosure process, and to honestly execute their duties under applicable federal and state statutes, as well as the duties owed as a designated title agent for the State of Alabama.

91. As a routine practice of Defendants in the process of executing vehicle title documents, Defendants, their agents, employees, officers, members, owners and/or managers, hid and/or withheld important facts from Plaintiff, including without limitation, that Defendants, their agents, employees, officers, members, owners and/or managers, fraudulently altered the odometer and/or mileage on

the automobile made the subject of this action, and misrepresented the vehicle's

mileage and certifications.

92. Plaintiff was harmed when Defendants, their agents, employees, officers,

members, owners and/or managers, hid or withheld important facts from

Plaintiff regarding the vehicle.  It was the intention of Defendants that these

facts be and remain secret, concealed, hidden, and undisclosed, in order to

protect Defendants' scheme, pattern and practice of selling vehicles with false

mileage certifications due to altered back odometers continue without detection,

for the purpose of increasing profit to Defendants.

93. Defendants, their agents, employees, officers, members, owners and/or

managers, had a duty to disclose these facts to Plaintiff, as all were automobile

dealers acting and appointed as designated title agents for the state of Alabama,

as well as having to abide by state and federal laws.  There is an inherent

disparity of knowledge between Plaintiff, and the public at large, and

Defendant, its agents, and/or its employees, as to the Defendants' treatment of

the vehicles and title prior to Plaintiff's possession/acquisition of same.

94. The facts withheld by Defendants, their agents, and/or its employees were

material to Plaintiff, and to the public at large.  Plaintiff would not have

executed the closing documents and purchased the vehicle had it known that

Defendants, their agents, and/or its employees had withheld these material facts from Plaintiff.

95. Defendants, their agents, and/or its employees withheld these material facts to induce Plaintiff to execute its closing documents and purchase its vehicles for an unlawfully inflated sales price, and Plaintiff did execute these documents without knowledge of these material facts.

96. As a direct and proximate result of the fraudulent concealment by Defendants, its agents, and/or its employees, Plaintiff was caused to suffer loss of monies, incidental and consequential damages, including but not limited to: increased purchase costs; increased taxes; increased finance costs; increased insurance costs; increased repair costs; additional costs, plus attorney's fees.

97. WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that this Court will award damages in an amount appropriate to compensate him for his loss of monies, incidental and consequential damages, in an amount to be determined by a struck jury plus attorney's fees and costs of this proceeding.

## COUNT EIGHT: REQUEST FOR INJUNCTIVE RELIEF

- All Defendants -

98. Plaintiff hereby incorporates and adopts each of the above and foregoing factual allegations as set forth in § V, "FACTUAL ALLEGATIONS," ¶¶ 13-29.

99. Plaintiff and the general public will suffer irreparable injury unless the conduct of the Defendants alleged in the above and foregoing paragraphs is halted. The Defendants must be educated, trained and made to comply with their duties as a designated title agent for the State of Alabama, and comply with the state and federal laws. Additionally, the Defendants should be enjoined to correct the disclosures on the title documents and recall any false/fraudulent affidavits made on the Toyota Tacoma vehicle made the basis of this suit.


## COUNT NINE:  CONSPIRACY/AIDING & ABETTING

- All Defendants -

100.    Plaintiff hereby incorporates and adopts each of the above and foregoing factual allegations as set forth in § V, "FACTUAL ALLEGATIONS," ¶¶ 13-29.

101. The following persons and parties participated in a civil conspiracy to commit fraud by commission and by omission, the purposes of which are detailed

herein:

    a)  AGFI;

    b)  Enterprise Kia;

    c)  John Gottuso;

    d)  Other unknown co-conspirators.

102. The civil conspiracy began on or before July 6, 2021, and existed at all times material to this lawsuit, and is believed to continue to exist at the present time. The primary goal of the conspiracy was to profit through the sale of vehicles on which the odometers had been "rolled back" or otherwise caused to indicate lower mileages than the vehicle has actually been driven, and for which the motor vehicle titles had been "washed" or altered to reflect the new and false mileage.

103.  More specifically, the purposes of the conspiracy were/are:

    i.  To knowingly and intentionally lie to, and deceive purchasers of vehicles as to the actual mileage on the vehicles being sold to them by one or more of the members of the conspiracy;

    ii.  To cause vehicles' odometers to indicate lower mileages than the vehicle had actually been driven and certify this lower mileage as being accurate, true, and correct, in order to obtain false certificates

of title which would then be used to sell the vehicles in interstate commerce;

iii. To profit from the aforementioned scheme through the sale of vehicles.

104. The conspirators agreed to carry out the purpose of the conspiracy listed above and did actually carry out this scheme in the sale of the vehicle made the subject of this action. The conspirators participated in and cooperated with each other in the conspiracy. Each act of the conspiracy was ratified by other co-conspirators, who acted as each other's agents, and still continue to do so.

105. The conspirators, acting in concert, performed numerous overt acts to further the purposes of the conspiracy.  Because many of these acts were concealed, Plaintiff is not able to state all overt acts, but sets forth the allegations of this Complaint as an example.

106. As a result of the conspiracy alleged above, Plaintiff was deceived, by the acts undertaken in furtherance of the conspiracy, into believing that the subject vehicle had a lower mileage than it actually had.  Additionally, the state of Alabama, and the public at large, was deceived as to the mileage of the subject vehicle.

107. The Plaintiff was lured into executing contracts for purchase which were based upon the vehicle's mileage. As a proximate result of the conspiracy, Plaintiff was injured and damaged, including, but not limited to the following ways: a) increased purchase costs; b) increased taxes; c) increased finance costs; d) increased insurance costs; e) increased repair costs; f) additional costs, legal expenses plus attorney's fees.

108. WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that this Court will award damages in an amount appropriate to compensate it for his loss of monies, incidental and consequential damages, in an amount to be determined by a struck jury plus attorney's fees and costs of this proceeding.

## VII.  RELIEF REQUESTED

Plaintiff requests this Court enter an award against the Defendants as follows:

1. Award Plaintiff compensatory damages, and all statutory, exemplary damages and equitable relief permitted by law;

2. Award Plaintiff punitive damages as a result of the Defendants' fraudulent, willful, wanton and unlawful conduct;

3. Award Plaintiff all costs of prosecuting this action, together with interest and reasonable attorneys' fees;

4. Award a permanent injunction, or any other injunctive relief deemed appropriate, preventing the Defendants from acting as a designated title agent for the State of Alabama or State of Florida to process and transfer automobile titles until such time as its management and employees have corrected false information submitted to the Alabama Department of Revenue and have been adequately trained and made to comply with all aspects of its duties as a designated title agent for the State of Alabama, the Federal Odometer Act and the Uniform Certificate of Title and Anti-Theft Act.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

Respectfully submitted,

Michael E. Parrish, ASB-5747-S69M
Thomas C. Donald, ASB-6795-A47D
Parrish & Donald
Alabama Car Lawyers LLC
1707 29th Court South
Birmingham, Alabama 35209
Phone (TCD): 205 985 2309
         (MEP) 205 547 5747
Email:   cdonald@alabamacarlaw.com
             mparrish@alabamacarlaw.com

**Plaintiff will serve Defendants:**

ADMT Imports, Inc. d/b/a Enterprise Kia
c/o Ted Milanowski
4074 Ross Clark Circle
Dothan, AL  36303

ATLANTIC GLOBAL FINANCING, INC.
c/o ACT Accounting & Tax, Inc.
5819 Milton Avenue
Sarasota, FL  34243

AmeriCredit Financial Services, Inc.
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL  36104

John Gottuso
1410 E. Knollwood St.
Tampa, FL  33604