IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SYMIDRA NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 1:22-cv-66-ECM |
| | ) | [WO] |
| ADMT IMPORTS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiff Symidra Nelson filed this action against Defendants ADMT Imports, Inc. d/b/a Enterprise Kia ("Enterprise Kia"), AmeriCredit Financial Services, Inc. d/b/a GM Financial ("GM Financial"), Atlantic Global Financing Inc. ("AFGI"), and John Matthew Gottuso (collectively, "Defendants"), alleging that the Defendants fraudulently represented the odometer mileage on a truck Mr. Nelson purchased at Enterprise Kia. GM Financial financed the purchase, and the retail installment contract was assigned to GM Financial. Mr. Nelson brings the following claims against all Defendants: a claim pursuant to the Federal Odometer Act, 49 U.S.C. § 32701 *et seq.*; and state law claims for fraud/misrepresentation/fraudulent suppression, wantonness/negligence, fraudulent concealment, and conspiracy/aiding and abetting. Mr. Nelson also brings claims for breach of fiduciary duty and negligent hiring, training, supervision, and retention against AGFI, GM Financial, and Enterprise Kia. Finally, Mr. Nelson brings a claim for breach of express warranties against Enterprise Kia. Mr. Nelson seeks compensatory, statutory, and punitive damages; injunctive relief; and attorney's fees.

The Court has jurisdiction over this matter pursuant to its federal question jurisdiction. *See* 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations to support both.

Now pending before the Court is a motion to dismiss without prejudice or, in the alternative, to stay action and compel arbitration filed by Enterprise Kia and GM Financial. (Doc. 14).[1] When Mr. Nelson bought his truck at Enterprise Kia, he signed two arbitration agreements. First, Mr. Nelson signed an arbitration agreement with Enterprise Kia in which he agreed that "any claim or dispute, whether in contract, tort, statute or otherwise . . . which arises out of or relates to your . . . purchase, lease, or condition of the vehicle, any retail installment sale contract . . . or any resulting transaction or relationship . . . shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action." (Doc. 14-1 at 3). Second, Mr. Nelson signed an arbitration agreement applicable to GM Financial and Enterprise Kia in which he agreed that any party may elect that "any and all disputes, claims, or controversies of any kind and nature between us arising out of or relating to the relationship between us . . . be resolved through binding arbitration, and not by any court," including any claim that arises or relates to "this Agreement, the Retail Installment Sales Contract, and all ancillary agreements" as well as claims that "arise out of or relate to any claims about whether a Dispute is covered by this Agreement or the scope of this Agreement." (*Id.* at 4). On June 6, 2022, Mr. Nelson

---

[1] The Plaintiff voluntarily dismissed his claims against Defendant John Matthew Gottuso, (doc. 17), and the Clerk has entered a default as to Defendant AFGI, (doc. 20).

filed a response to Enterprise Kia and GM Financial's motion in which he represents that he consents to arbitrate his claims against Enterprise Kia and GM Financial. (Doc. 22).

Pursuant to the Federal Arbitration Act ("FAA"), "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy . . . arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The parties—the Plaintiff, Enterprise Kia, and GM Financial—agree that a valid agreement to arbitrate exists, and they do not dispute that the arbitration provisions satisfy the FAA's requirement of a contract "involving commerce." *See id*. Section 3 of the FAA empowers the Court to stay this action while the parties submit to arbitration. Accordingly, upon consideration of the motion and the Plaintiff's response, and for good cause, it is hereby

ORDERED that the motion to dismiss without prejudice or, in the alternative, to stay action and compel arbitration (doc. 14) is GRANTED to the extent that this case is STAYED pending further Orders of this Court so the parties may submit to arbitration, and DENIED in all other respects. It is further

ORDERED that on or before the fifth day of each month, beginning on December 1, 2022, the parties shall file a joint status report advising the Court of the status of the arbitration.

Done this 7th day of June, 2022.

_____/s/ Emily C. Marks_____
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE

3