IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SYMIDRA NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 1:22-cv-66-ECM |
| | ) | [WO] |
| ATLANTIC GLOBAL FINANCING, INC., | ) | |
| a Florida corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION and ORDER

## I.  INTRODUCTION

In 2021, Symidra Nelson ("Nelson") purchased a pickup truck from a used car dealership in Alabama under the impression that the truck's odometer reflected the truck's actual mileage of 66,125 miles.  He later discovered that his impression was wrong: the truck had well over 100,000 miles.

Nelson then filed suit in this Court in February 2022.  He named four defendants, alleging violations of 49 U.S.C. § 32701, *et seq.*, the Federal Odometer Act ("the Act"), and various state law claims.  Three of the defendants (the truck's original owner, the used car dealership, and the finance company) are no longer parties to this suit.  Defendant Atlantic Global Financing, Inc. ("AGFI"), a Florida automobile sales company, remains.

Now pending before the Court is Nelson's motion for default judgment (doc. 29) against AGFI.  AGFI has not acknowledged Nelson's pending lawsuit, leading to the

Clerk's entry of default against it.  (Doc. 20).  Thus, for the reasons that follow, Nelson's motion is due to be granted as to his federal claim and denied as to his state law claims.

## II.  JURISDICTION AND VENUE

The Court has subject matter jurisdiction over the federal law claims in this proceeding pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## III.  LEGAL STANDARD

A default judgment may be entered where a defendant "has failed to plead or otherwise defend as provided by these rules." FED. R. CIV. P. 55(a).  While the Eleventh Circuit has a "strong policy of determining cases on their merits" and "therefore view[s] defaults with disfavor," *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003), it is well-settled that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

An entry of default must precede an entry of default judgment.  When a defendant "has failed to plead or otherwise defend" against claims, and the plaintiff demonstrates that failure, the clerk must enter the defendant's default. FED. R. CIV. P. 55(a).  After entry of default, the plaintiff "must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2).

"When a defendant defaults, he 'admits the plaintiff's well-pleaded allegations of fact.'" *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) (quoting *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106 (11th Cir. 2015)). Therefore, "the allegations must be well-pleaded in order to provide a sufficient basis for the judgment entered." *De Lotta v. Dezenzo's Italian Rest., Inc.*, 2009 WL 4349806, at *2 (M.D. Fla. 2009) (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009)). A complaint is "well-pleaded" when it satisfies the requirements set out in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Specifically, "the factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*

The court may, but is not required to, hold a hearing before entering a default judgment. Further, "[g]iven its permissive language, Rule 55(b)(2) does not require a damages hearing in every case." *Giovanno*, 804 F.3d at 1366.

## IV. FACTS[1]

### A. Factual Background

In October 2021, Nelson purchased a Toyota Tacoma pickup truck ("the Vehicle") from ADMT Imports, Inc., doing business as Enterprise Kia ("Enterprise Kia"), a used car dealership in Alabama. According to Nelson, Enterprise Kia represented that the Vehicle had "66,125 actual miles on the odometer and that the mileage listed on the odometer was

---

[1] This recitation of the facts is based on Nelson's complaint (doc. 1) and the exhibits attached to Nelson's motion for default judgment (doc. 29), which the Court can consider without converting Nelson's motion into a motion for summary judgment. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). So long as the documents are "(1) central to the plaintiff's claim and (2) undisputed," meaning "the authenticity of the document[s] [are] not challenged," the Court can rely on the exhibits in this context. *Id.*

accurate." (Doc. 1 at 5).  Relying on this information, Nelson purchased the Vehicle for $34,655.41.  With a financing interest rate of 29% through AmeriCredit Financial Services, Inc. ("AmeriCredit"), the Vehicle's total price tag rose to $71,517.70.  Nelson then executed the required sales documents to purchase and finance the Vehicle.  He was not shown a copy of the previous Florida title, nor was he "notified or informed of a potential odometer discrepancy." *Id.* at 6.

A few months later, Nelson attempted to sell the Vehicle to another dealership in Alabama, who informed him of the odometer discrepancy.  Nelson learned that the Vehicle's odometer was over 109,000 miles prior to his original purchase from Enterprise Kia.  Through further investigative work, Nelson discovered the true backstory of the Vehicle.

In 2021, John Gottuso ("Gottuso"), the Vehicle's original owner, resided in the Tampa, Florida area with the vehicle.  He was involved in an accident in the Vehicle in June of that year.  At that time, the Vehicle's odometer had "well over 100,000 miles." (Doc. 29-1 at 2).  Rather than pay to repair the Vehicle's damages, Gottuso sold it to AGFI, a Florida automobile sales corporation, for $5,000.  A few days after the accident, AGFI's agent, Pedro Marrero ("Marrero"), came to Gottuso's house, paid him, and took the Vehicle in the damaged condition.  Gottuso did not give Marrero a bill of sale, title document, or odometer disclosure.  Although Gottuso "never gave permission to anyone" to sign his name to any title documents (*id.* at 3), a certificate of title, purportedly signed by Gottuso

4

and dated July 6, 2021, was produced, listing Gottuso's sale to AGFI.[2] (*Id.* at 6).  The certificate represented that, at that time, the odometer read 16,386 miles. (*Id.*).

The Vehicle eventually made its way into the stream of commerce in Alabama.  On September 30, 2021, Marrero sold the Vehicle to Enterprise Kia. (*Id.* at 7).  The listed mileage on the transfer document read 66,125 miles. (*Id.*).  Further, the box labeled "reflects actual mileage" was checked. (*Id.*).  Using the same form, Enterprise Kia then sold the Vehicle to Nelson, again listing the mileage at 66,125 miles and checking the box that such amount reflected the actual mileage.  Had Nelson known about the odometer discrepancy, he "would not have purchased the [V]ehicle." (Doc. 1 at 9).

### B.  Procedural Background

Nelson filed suit in this Court in February 2022 against four Defendants: Gottuso, AGFI, Enterprise Kia, and AmeriCredit.  Enterprise Kia and AmeriCredit subsequently moved for dismissal, or alternatively, for a stay and to compel arbitration under the Federal Arbitration Act.  About two months later, Nelson moved to dismiss Gottuso as a defendant and applied to the clerk for an entry of default as to AGFI.  The clerk then entered default against AGFI on June 1, 2022.  Subsequently, the Court granted the stay, compelled arbitration as to Enterprise Kia and AmeriCredit, and dismissed Gottuso.  Thereafter, Nelson agreed to the dismissal of Enterprise Kia and AmeriCredit.  This left AGFI as the lone defendant in the case.  Nelson moved for default judgment against AGFI on March 6, 2023.  That motion is now ripe for review.

---

[2] Gottuso's affidavit swears that the "signature on the title, purported to be [his], is a forgery." (Doc. 29-1 at 3).

## V.  DISCUSSION

Nelson alleges eight counts against AGFI, one federal claim and seven Alabama state law claims: (1) violations of the Federal Odometer Act; (2) fraud, misrepresentation, fraudulent suppression; (3) wantonness/negligence; (4) breach of fiduciary duty; (5) negligent hiring, training, supervision, and retention; (6) fraudulent concealment; (7) conspiracy/aiding and abetting; and (8) a request for injunctive relief.

AGFI has not acknowledged the pending lawsuit, and the Clerk has entered default against it. (Doc. 20).  Consequently, all of Nelson's well-pleaded allegations are deemed admitted. *See Giovanno*, 804 F.3d at 1366.  So long as Nelson's motion for default judgment (doc. 29) presents "a sufficient basis in the pleadings for the judgment entered," default judgment against AGFI should follow. *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[3]  Additionally, courts can look at evidence beyond the pleadings in the form of an affidavit or declaration. *Alabama Treatment, LLC v. Waste All., Inc.*, 533 F. Supp. 3d 1082, 1087 (M.D. Ala. 2020); *see also Glennon v. Rosenblum*, 325 F. Supp. 3d 1255, 1261 (N.D. Ala. 2018).[4]  Thus, the Court first looks to whether default judgment is appropriate.

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[4] Although both *Alabama Treatment, LLC* and *Glennon* are nonbinding, the Court finds their analysis persuasive.

### A.  Federal Odometer Act Violations

Count One of Nelson's complaint alleges violations of the Federal Odometer Act, 49 U.S.C. § 32701, *et seq.*, which "allows private parties to recover money damages from those that violate its provisions with the intent to defraud." *Owens v. Samkle Auto. Inc.*, 425 F.3d 1318, 1321 (11th Cir. 2005).  A private cause of action under the Act has two elements: "(1) that the defendant violated the Act or its regulations, (2) with intent to defraud." *Id.*  Nelson alleges in his complaint that AGFI violated the Act in four different ways: (1) intentionally altering the Vehicle's odometer; (2) giving false odometer statements to a transferee; (3) failing to list the true odometer disclosure on the official title document; and (4) generally committing other violations of the Act or its prescribed regulations. (Doc. 1 at 14).  In his motion for default judgment, however, he focuses only on one alleged violation. (Doc. 29 at 5–6).  Nelson contends that AGFI "falsely certified mileage on the vehicle on the certificate of title and introduced it into the stream of commerce with knowledge of the false certification." (*Id.* at 6).  This equates to alleging that AGFI violated § 32705 of the Act.

Section 32705 states that "a person transferring ownership of a motor vehicle shall give the transferee" a "[d]isclosure of the cumulative mileage registered on the odometer." 49 U.S.C. § 32705(a)(1)(A).  It further states that a person transferring ownership of a vehicle may not "give a false statement to the transferee in making the disclosure." 49 U.S.C. § 32705(a)(2).  Based on the admitted facts in Nelson's complaint, AGFI has violated this provision of the statute.  Nelson's facts, in conjunction with the exhibits submitted with his motion (namely, Gottuso's affidavit and the title document) put forth a

sufficient basis to establish that AGFI committed a violation of § 32705 of the Act when AGFI certified, in writing, that the Vehicle's mileage was less than it truly was at the time.

Nelson alleges that the Vehicle's true mileage was over 100,000 miles when AGFI completed the title document. This is confirmed by Gottuso in his affidavit. (Doc. 29-1 at 2). Nelson also alleges that AGFI certified the incorrect mileage amount on the title document. This is corroborated by the certificate of title submitted by Nelson. (Doc. 29-1 at 6–7). Furthermore, AGFI's intent to defraud transferees is established by AGFI's admission by default and evidenced by both the certificate of title and Gottuso's testimony. (*See* doc. 29-1 at 1–3; 6–7). On this record, the Court finds that AGFI has violated the Act with an intent to defraud.

Perhaps the more concerning question, though, is whether *Nelson* can bring a viable claim against AGFI for this violation. Nelson was not the direct transferee to which AGFI provided the false mileage, nor did he rely on AGFI's violation. (*See* doc. 1 at 6) (describing how Nelson "was not shown a copy of the previous Florida title to the automobile prior to purchase[.]"). And yet, the Act does not expressly limit the class of individuals who may sue those who violate the provisions. *See* 49 U.S.C. § 32710.

Nelson argues that anyone who violates this section is liable to any future transferee, regardless of whether privity exists between the violator and the individual looking to bring an action. Rather than limiting suits to transferees suing transferors (i.e., Enterprise Kia suing AGFI and Nelson suing Enterprise Kia), Nelson contends that "[p]rivity is not required to maintain an action under 49 U.S.C. [§] 32710, *et seq*." (Doc. 29 at 6). In his motion, Nelson cites to the Act along with four nonbinding cases, each of which have found

8

that privity is not required to maintain a cause of action under the Act. *See Ralbovsky v. Lamphere*, 731 F. Supp. 79 (N.D.N.Y. 1990); *see also Ryan v. Edwards*, 592 F.2d 756 (4th Cir. 1979); *Stier v. Park Pontiac, Inc.*, 391 F. Supp. 397 (S.D.W.Va. 1975); *Mataya v. Behm Motors, Inc.*, 409 F. Supp. 65 (E.D. Wis. 1976).  Naturally, Nelson does so because the Eleventh Circuit has never addressed whether bringing a civil private action under the Act hinges on the existence of privity between the violator and the potential plaintiff.  One district court in this Circuit addressed this issue, reasoning that, "given the broad remedial nature of the Act as recognized by the Eleventh Circuit," privity was not required to enforce the Act's provisions. *Tirtel v. Sunset Auto & Truck, LLC*, 2018 WL 6334729, at *4 n.6 (M.D. Fla. Dec. 5, 2018).  (citing *Owens*, 425 F.3d at 1325).

Consistent with the Circuit's recognition of the Act's broad remedial nature, the analysis in *Tirtel*, and the arguments set forth by Nelson, this Court finds that a cause of action under the Act is not contingent upon the existence of privity between the violator and the potential plaintiff.  Therefore, Nelson can, and sufficiently does, establish AGFI's liability for its false mileage certification on the Vehicle's title document.  Accordingly, Nelson has established that he is entitled to default judgment as to his federal claim.

### B.  State Law Claims

Nelson brings seven Alabama state law claims against AGFI: (1) fraud, misrepresentation, fraudulent suppression; (2) wantonness/negligence; (3) breach of fiduciary duty; (4) negligent hiring, training, supervision, and retention; (5) fraudulent concealment; (6) conspiracy/aiding and abetting; and (7) injunctive relief.  The Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367.  The Court may,

however, decline to exercise such jurisdiction in four situations if: (1) the state claim raises a novel or complex issue of state law; (2) the state claim substantially predominates over the federal claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

The Court finds that it should decline to exercise jurisdiction over Nelson's state law claims. AGFI's liability has been determined by the entry of default judgment against it, leaving only the issue of damages. The remaining substantive questions in the case center on Nelson's state law claims against AGFI. Faced with a set of similar circumstances, this Court has previously determined that "where a default judgment has been entered against the individual defendant," and "the only claims remaining are state law claims," the state law issues "substantially predominate over the damage issue, which is the only issue remaining in the federal claim." *See Fitzpatrick v. Winn-Dixie Montgomery, Inc.*, 153 F. Supp. 2d 1303, 1307 (M.D. Ala. 2001). This logic resonates here, where the only remaining issue in Nelson's federal claim is damages. Accordingly, the Court will decline to exercise supplemental jurisdiction over Nelson's state law claims asserted against AGFI.

### C. Damages and Attorney's Fees

Nelson has established that AGFI violated the Act. Therefore, he is entitled to recover "3 times the actual damages or $10,000, whichever is greater." 49 U.S.C.A. § 32710(a). Additionally, when a plaintiff prevails on a claim under the Act, the Act

expressly allows for the recovery of attorney's fees. *See* 49 U.S.C. § 32710.  Nelson has requested the Court "set a hearing to determine damages, and permit [himself], and his attorney to submit affidavits and/or testimony" to determine damages and attorney's fees. Thus, the Court finds that an evidentiary hearing is appropriate.

### VI.  CONCLUSION

For the reasons stated and upon consideration of the record as a whole, it is ORDERED as follows:

1. The motion for default judgment (doc. 29) is GRANTED as to Nelson's claim under the Federal Odometer Act 49 U.S.C. § 32701, *et seq.*

2. The Court declines to exercise jurisdiction over Nelson's remaining state law claims, and those claims are DISMISSED without prejudice.

3. This matter is SET for an evidentiary hearing on **May 1, 2024, at 10:00 A.M.** in Courtroom 2A of the Frank M. Johnson, Jr. Courthouse Complex, One Church Street, concerning Nelson's damages and attorney's fees in connection with the violation of the Federal Odometer Act 49 U.S.C. § 32701, *et seq*.

DONE this 26th day of March, 2024.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE