IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

SYMIDRA NELSON,                          )
                                         )
          Plaintiff,                     )
                                         )
v.                                       )    CIVIL CASE. NO. 1:22-cv-66-ECM
                                         )
ATLANTIC GLOBAL FINANCING,               )
INC., a Florida corporation,             )
                                         )
          Defendant.                     )

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

On March 26, 2024, the Court granted Plaintiff Symidra Nelson's motion for default judgment against Defendant Atlantic Global Financing, Inc. ("AGFI") as to Nelson's claim under the Federal Odometer Act, 49 U.S.C. § 32701, *et seq.* ("Act").[1] (Doc. 32).  Nelson's appropriate damages and attorney's fees, both of which are recoverable under the Act, are the only issues left to determine. 49 U.S.C. § 32710.

The Court held an evidentiary hearing on the matter on May 1, 2024, during which Nelson offered testimony, describing many expenses he incurred after buying the vehicle in question, a 2014 Toyota Tacoma ("the Vehicle").  Nelson also submitted documentary evidence in relation to his attorney's fees. (*See generally* doc. 34)  In accordance with the prior orders of this Court, upon consideration of the evidence presented on damages and

---

[1] The Court declined to exercise jurisdiction over Nelson's state-law claims, dismissing them without prejudice. (Doc. 32 at 9–10).

attorney's fees, and the record as a whole, the Court finds that Nelson is entitled to damages in the amount of $10,000 and attorney's fees in the amount of $17,617.49.

## II. DISCUSSION

In its previous Order, the Court found that, by virtue of default, AGFI admitted to the allegations in the complaint. (Doc. 32).  Thus, under the Act, Nelson is entitled to an award of damages.  Pursuant to Federal Rule of Civil Procedure 54(c), a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts. *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543–44 (11th Cir. 1985).  When assessing damages, a district court must "assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2007).

Nelson seeks to recover damages and attorney's fees from AGFI for its violation of the Act: falsely certifying the Vehicle's mileage.  According to the Act, Nelson is entitled to "3 times the actual damages [caused by AGFI's violation] or $10,000, whichever is greater." 49 U.S.C. § 32710(a).  The Eleventh Circuit has not spoken to what constitutes actual damages in this context. *See Hue v. Samuel's Auto FL., LLC*, 2021 WL 5707539, at *3 (S.D. Fla. Dec. 1, 2021).  "Other Circuits, however, have described actual damages under § 32710(a) as "(1) the purchase price of the vehicle less its [fair market value] given the vehicle's actual mileage, and (2) any expenses shown to be attributable to the defendant's wrongful acts[,]" *i.e.*, attributable to the odometer tampering." *Id.*  The Act also

2

expressly mandates the recovery of attorney's fees. 49 U.S.C. § 32710 (b) ("The Court shall award costs and a reasonable attorney's fee to the person when a judgment is entered for that person.").

Under this definition of actual damages, the Court finds that Nelson is entitled to $10,000 in damages, and $17,617.49 in attorney's fees, and court costs. The analysis on Nelson's attorney's fees is simple: the Act requires courts to award reasonable attorney's fees, and Nelson's attorney's fees, supported by documentary evidence, are reasonable both in hourly rate and time allotted. 49 U.S.C. § 32710 (b); (*see generally* doc. 34).

Nelson's damages claim does not follow as easily. Nelson failed to sufficiently prove that the Vehicle's depreciated value from the false mileage certification and any expenses directly attributable to the false mileage certification amounted to greater than $10,000. In other words, the damages Nelson testified to during the evidentiary hearing (he offered no evidence relating to vehicle depreciation due to greater mileage) were not causally related to AGFI's false mileage certification. Rather, much of the expenses Nelson suffered were directly attributable to the Vehicle's prior, undisclosed accident history, not to the tampering with the Vehicle's odometer. Without evidence of damages attributable to AGFI's false mileage certification, the Court awards Nelson $10,000.

### III. CONCLUSION

For the reasons discussed above, it is ORDERED that Nelson's motion for attorney's fees (doc. 34) is GRANTED. It is further

ORDERED that Plaintiff Symidra Nelson is awarded $10,000 in damages and $17,617.49 in attorney's fees for the default judgment against Defendant Atlantic Global Financing, Inc. on his claim under the Federal Odometer Act, 49 U.S.C. § 32701 *et seq.*

The Clerk of Court is DIRECTED to mail to this Memorandum Opinion and Order and the Final Judgment to the address reflected on docket for Atlantic Global Financing, Inc.

A final judgment will be entered in accordance with the Court's Orders.

DONE this 7th day of May, 2024.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE